UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

WILLIE EDWARD MITCHELL,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7:18-057-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Willie Edward Mitchell is serving a life sentence in federal prison, and he is currently confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Mitchell recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. [R. 1]. For the reasons set forth below, the Court will deny Mitchell's petition.

According to a Discipline Hearing Officer (DHO) report,[1] on July 3, 2017, a correctional officer saw Mitchell in the shower with a water jug filled with red liquid. The officer ordered Mitchell to step out of the shower and get on the wall so that she could search Mitchell's items, but Mitchell refused the order and knocked over the jug, spilling the red liquid on the floor and the officer's shoes. According to the officer, the liquid smelled of intoxicants. The officer again ordered Mitchell to get on the wall. Mitchell again refused, and he started walking toward a trash can when the officer yelled at Mitchell to stop and get on the wall. According to the officer,

---

[1] Since Mitchell did not attach the relevant prison incident report to his petition, this information comes from the DHO report. [R. 1-1 at 4-7]. Mitchell, however, does not dispute that the DHO report accurately summarizes the contents of the prison incident report and other documentary evidence in this case.

Mitchell then "retrieved a flat piece of metal sharped to a point from his waist band and placed it inside the trash can as he was bent over slightly in an attempt to conceal the weapon from my view while trying to discard of it in the trash can." The officer again ordered Mitchell to get on the wall, and Mitchell complied. The officer then asked a second officer to place Mitchell in restraints. The officer indicated that she "retrieved the weapon from where [she saw] inmate Mitchell place it in the trash can." The weapon was a "flat piece of metal . . . sharpened to a point on one end with brown torn sheet wrapped around the other end used as a handle. The weapon measured 10 inches in length." Ultimately, the officer filled out an incident report and charged Mitchell with a Code 104 offense for allegedly possessing a weapon and a Code 115 offense for allegedly destroying and/or disposing of any item during a search or attempt to search. [R. 1-1 at 5-6].

A disciplinary hearing was held a few days later. At the hearing, the DHO elected to drop the Code 115 offense and proceed only on the Code 104 offense. Mitchell then claimed that he "put five cigarettes in the trash" and argued that the weapon found belonged to another inmate. Mitchell also put that other inmate on as a witness, and that inmate stated that the knife belonged to him, not Mitchell. [R. 1-1 at 6].

The DHO, however, concluded that Mitchell possessed the weapon. The DHO explained that he was relying on the officer's incident report, supporting memoranda from two other officers, a chain of custody log, and a photograph of the sharpened piece of metal found by the reporting officer. To be sure, the DHO indicated that he considered the statements made by Mitchell and the other inmate. However, in the end, the DHO gave greater weight "to the statement of the reporting staff, acknowledging the duty and obligation to report the truth and submit accurate statements." As a result, the DHO found that Mitchell "committed the prohibited act of possession

of a weapon." The DHO ordered that Mitchell lose 41 days of good conduct time and also imposed other sanctions. [R. 1-1 at 6-7].

Mitchell appealed the DHO's decision administratively within the Bureau of Prisons, but his efforts were unsuccessful. Mitchell then filed his § 2241 petition with this Court [R. 1], and this matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. Ultimately, Mitchell asks the Court to "step in and expunge the incident report." [R. 1 at 2].

The question before this Court is whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013). This is a very low threshold. Indeed, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely asks "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (discussing this standard).

In this case, there was certainly some evidence in the record to support the DHO's decision. After all, the DHO based his decision on the report in which the officer described the incident in question and specifically stated that she saw Mitchell place the weapon in the trash can before she retrieved it. The DHO also relied on supporting memoranda from two other officers (including the officer who placed Mitchell in restraints), a chain of custody log, and a photograph of the sharpened piece of metal found by the reporting officer. While Mitchell continues to argue that the weapon belonged to another inmate, in light of the foregoing evidence, the very low threshold set forth in *Hill* has clearly been satisfied.

In conclusion, there was certainly some evidence to support the DHO's decision that Mitchell possessed a weapon. Mitchell also does not argue in his petition that he was denied the procedural protections that he was due. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

Accordingly, it is hereby **ORDERED** as follows:

1. Mitchell's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated July 23, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY